UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHAWANDA DUGAS | : | DOCKET NO.  07-0096 |
| VS. | : | JUDGE MINALDI |
| VOYAGER PROPERTY & CASUALTY INSURANCE CO. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On September 25, 2006, Shawanda Dugas filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.  Made defendant was Voyager Property & Casualty Insurance Co ("Voyager").  Plaintiff alleges that her home was subjected to many hours of hurricane force winds as a result of Hurricane Rita, and that the property and contents were severely damaged and/or destroyed, constituting a total loss.  (Petition, ¶¶ 7-8, 10). Voyager was plaintiff's homeowner's insurer.  *Id*. at ¶ 3.  Plaintiff alleges that Voyager failed to fully pay under the policy.  *Id*. at ¶ 9-10.  Accordingly, plaintiff seeks to recover for the total loss of her property as provided for in LSA-R.S. § 22:695 "without deduction or offset.  In other words . . . to recover the policy limits." *Id*. at ¶ 10.  Furthermore, the plaintiff seeks penalties and attorney's fees pursuant to Louisiana Revised Statutes §§ 22:658 and 22:1220 for Voyager's breach of its duties of its good faith and fair dealing in handling her claim, and for its arbitrary and capricious failure to pay or make a settlement offer within thirty (30) days.  *Id*. at ¶¶ 13-19.

On January 18, 2007, Voyager removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. # 4].  On February 15, 2007, plaintiff filed the instant

motion to remand [doc. # 11] on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is lacking.  The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  "The defendant may make this showing in either of two ways:  (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in their petitions unless "a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages."  La. Code Civ. P. art. 893(A)(1) (as amended by Acts 2004, No. 334)).  However lawsuits on conventional obligations, such as insurance policies, are exempt from this requirement.  La. Code Civ. P. art. 893(B) (as amended by Acts 2004, No. 334).  Damages include, in appropriate cases, inconvenience and aggravation.  *See Theriot v. Midland Risk Ins. Co.*, 664 So. 2d 547 (La. App. 3rd C. 1995) (quoted in *Bennett v. State Farm Ins. Co.*, 2006 U.S. Dist. LEXIS 91566 (W.D. La. 2006).

In the instant case, the plaintiff's petition states the value of her insurance policy and the amount paid by Voyager towards her claim, and prays for "(3) (A) [] a sum . . . representing the amount of coverage unpaid under the policy; (B) [] a sum . . . for general damages, special

---

[1]  The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

damages . . . applicable penalties, and reasonable attorney's fees . . . and (4) . . . full, general, and equitable relief."  Petition ¶ 20 [doc. # 1].  The plaintiff states that the face value of her insurance policy totals $48,006.00, of which $2,085.36 has been paid against her claim.  *Id.* at ¶¶ 6, 9.  Penalties pursuant to LSA-R.S. § 22:658 may be 50% of the amount found to be due to the insured from the insurer and under LSA-R.S. § 22:1220 may be up to 200% of the damages.  These claims bring the amount in controversy nearly to the jurisdictional minimum.  The plaintiff has also prayed for damages for inconvenience and aggravation, which we cannot accurately quantify at this time, but which we must consider could add some appreciable amount to the total demand.  Finally, the attorney's fees prayed for pursuant to LSA-R.S. § 22:658 must be added in as well.

If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Foret v. State Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); *see also* 14A C. Wright & A. Miller, Federal Practice & Procedure § 3712, at 176 (2d ed. 1985) (quoted in *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The plaintiff's attorney has stated that the hourly fee is $275, and that work on the remand alone will total approximately five (5) hours.  Motion to Remand and Memorandum in Support of Motion to Remand ¶ 7 [doc. # 11].  Clearly filing the petition comprised some number of hours at this same hourly fee, and substantial further hours will be spent until the case is decided, whether at trial or otherwise.  Voyager has put the attorney's fees at $15,000 for argument's sake.  We need not calculate them that high to reach the requisite amount in controversy.

Accordingly, the undersigned finds that Voyager has established by a preponderance of evidence that the amount in controversy exceeds $75,000.  We may properly exercise diversity

jurisdiction.  28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 3, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE